IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**GEORGE BARTLETT,** *et al.*                                                                        **PLAINTIFFS**

**v.**                                                  **4:11-CV-00910-BRW**

**FRONTIER GAS SERVICES, LLC.,** *et al.*                                              **DEFENDANTS**

## ORDER

Pending is Defendant Frontier Gas Services's Motion to Dismiss (Doc. No. 13). Plaintiffs have responded[1] and Frontier has replied.[2] For the following reasons, this case is STAYED pending the class certification ruling in Case Number 4:11-cv-00420-BRW.[3]

Defendant argues this case should be dismissed under the first-filed rule "because it is the same as a previously filed class action in *Ginardi*."[4] Plaintiffs contend that the first-filed rule does not apply to cases pending before the same district court and suggests that I stay this case "pending a ruling on class certification in *Ginardi*."[5]

On February 17, 2012, I sent an e-mail to counsel asking whether there is any Eighth Circuit case law on the issue of whether the "first filed" rule applies to cases pending before the same district court. Based on the responses, it does not appear counsel were able to find any Eighth Circuit case law directly on point. In their response to my e-mail, Defendant states that I

---

[1] Doc. No. 21.

[2] Doc. No. 22.

[3] *Peggy Ginardi, Ike Lester and Constance Lester, on behalf of themselves and all others similarly situated v. Frontier Gas Services, LLC., Kinder Morgan Treating, LP, Chesapeake Energy Corporation, and Crestwood Arkansas Pipeline, LLC*, Case Number 4:11-cv-00420-BRW (E.D. Ark).

[4] Doc. No. 14.

[5] Doc. No. 21.

have "the discretion to dismiss [this case] or, in the alternative, as Plaintiffs urge, to stay [this case] pending a ruling on class certification in the *Ginardi* case."

At this time, I find that staying this case pending the class certification ruling in *Ginardi* is appropriate. Therefore, Defendant's Motion to Dismiss (Doc. No. 13) is DENIED without prejudice. This case is STAYED until the issue of class certification in *Ginardi* has been decided. This case is administratively closed, but Plaintiffs may re-open their case by filing a motion to re-open after a ruling on class-certification in *Ginardi*.

IT IS SO ORDERED this 5th day of March, 2012.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE